**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| JOSEPH ANTHONY SZOSTAK, III, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-01188 |
| | ) | |
| RUTHERFORD COUNTY ADULT | ) | JUDGE CAMPBELL |
| DETENTION CENTER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Szostak, an inmate of the Rutherford County Adult Detention Center (RCADC) proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1.) By Order entered January 5, 2026, the Court granted Plaintiff leave to proceed as a pauper and allowed him to file an Amended Complaint. (Doc. No. 33.) Plaintiff filed his Amended Complaint on January 13, 2026. (Doc. No. 34.)

The case is before the Court for initial review of the Amended Complaint[1] under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. INITIAL REVIEW

**A. Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune

---

[1] Plaintiff later sought leave to amend again (Doc. No. 40), but only to clarify the identities and roles of the various individual Defendants, not to add any substantive allegations or claims for the Court to consider in its initial review.

from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

## B. Analysis

Plaintiff alleges that he is allergic to corn, that the RCADC knew of this corn allergy from his previous incarceration in 2023, and that he informed staff again when he returned to the RCADC on February 3, 2025. (Doc. No. 34 at 3–4.) While the RCADC serves special meal trays to inmates who are allergic to peanut butter, or who need high calorie, vegetarian, halal, kosher, or high fiber diets, they do not provide special meals or food substitutes to inmates with other food allergies. (*Id.* at 3, 5.) From February 2025 to January 2026, Plaintiff was served 444 meal trays

2

that included corn. (*Id.* at 5.) In response to his grievances, Plaintiff was told to "eat around the corn." (*Id.*) As a result of not being able to eat the corn served to him and not receiving a substitute for it when it was served, Plaintiff claims that he was underfed and deprived of caloric intake "equal to that of other inmates." (*Id.*) He seeks an award of damages and an order for the RCADC to "get a new nutrition provider." (*Id.*)

Although the Amended Complaint does not specify the source of the federal right at issue here, it is the Fourteenth Amendment that protects pretrial detainees in relation to the conditions of their confinement. *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021). Such claims are analyzed under a two-prong rubric, one prong being objective and the other subjective. Under the objective prong, Plaintiff must show that the conditions he is complaining of "pos[e] a substantial risk of serious harm." *Assi v. Hanshaw*, 625 F. Supp. 3d 722, 745 (S.D. Ohio 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Rice v. Lewis*, No. 4:23-CV-P33-JHM, 2023 WL 4166110, at *2 (W.D. Ky. June 23, 2023). To do so, he must allege that his "health suffered, or was at risk of suffering, by virtue of missing these meals" or portions of meals. *Assi*, 625 F. Supp. 3d at 746; *see also Corbett v. Sgt. Hall*, No. 4:23-CV-00141-MW-MAF, 2024 WL 3278988, at *5 (N.D. Fla. June 13, 2024), *report and recommendation adopted*, 2024 WL 3276230 (N.D. Fla. July 2, 2024) ("Without an allegation that some specific physical harm or adverse physical effect occurred or the denial of a nutritionally and calorically adequate diet, there is no [constitutional] violation.") (citing *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)).

Plaintiff alleges that, on the 444 occasions over an 11-month span when he was served a meal tray with corn, he did not receive the same calorie count as other inmates; he thus claims to have been "underfed" in relation to those other inmates on those days. (Doc. No. 34 at 5.) But Plaintiff does not have a constitutional right to be served the same number of calories as other

3

inmates. The Constitution requires only that the food provided to him have caloric and nutrient content "sufficient to maintain normal health." *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977). Ideally, jails and prisons might endeavor to accommodate inmates' food allergies by offering substitutes for dishes that contain allergens. But as a matter of constitutional right, allegations (such as Plaintiff's) which do not include any reference to substantial weight loss or deteriorated health "fail to satisfy the objective prong of a diet-related Fourteenth Amendment conditions-of-confinement claim." *Rice*, 2023 WL 4166110, at *3 (citing cases); *see also Sanders v. Collier*, No. 6:22CV139, 2024 WL 5150675, at *7 (E.D. Tex. Sept. 26, 2024), *report and recommendation adopted*, 2024 WL 5145950 (E.D. Tex. Dec. 17, 2024) (finding that a plaintiff who could eat at least some food served at every meal could not prevail on his food-deprivation claim because, despite complaints of being hungry, he failed to show "that the amount of food he was able to eat from TDCJ meals was objectively insufficient to maintain his health"); *Kemp v. Drago*, No. CA 1:12-1481-JFA-SVH, 2013 WL 4874972, at *9 (D.S.C. Sept. 11, 2013), *aff'd*, 558 F. App'x 328 (4th Cir. 2014) (finding no constitutional violation where food provided to inmate, even if occasionally noncompliant with inmate's allergy restrictions, was not alleged to be "unhealthy, nutritionally deficient, or a danger to him" and did not result in "medically significant" weight loss).

In sum, the Amended Complaint fails plausibly to allege any deprivation of Plaintiff's constitutional rights. It therefore fails to state a claim upon which relief may be granted.

## II. CONCLUSION

For the reasons discussed above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

4

In light of the dismissal, Plaintiff's remaining pending motions (Doc. Nos. 35, 38, 39, 40, 42, 43) are **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5